IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACCEPTANCE INSURANCE COMPANIES INC., | ) | |
| Plaintiff, | ) | CASE NO. 03-2794 |
| v. | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL APPENDIX IN SUPPORT OF ITS CONSOLIDATED MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Lewis S. Wiener, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 - phone
202.637.3593 - fax
Counsel for Plaintiff Acceptance Insurance Companies Inc.

OF COUNSEL:
Ronald Massumi
Carter Williams
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0100

Patrick Griffin
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
402.346.6000

May 24, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANIES INC., Plaintiff, | |
| v. | **CASE NO. 03-2794** Judge Robert H. Hodges, Jr. |
| THE UNITED STATES OF AMERICA, Defendant. | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**

Plaintiff, Acceptance Insurance Companies Inc. ("Acceptance"), by and through its undersigned counsel and pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, responds to Defendant's First Set of Interrogatories as follows:

**GENERAL STATEMENT AND RESERVATIONS OF RIGHT**

A. The information supplied in Acceptance's Responses to certain of the Defendant's discovery requests is not based solely upon the knowledge of Acceptance, but includes the knowledge of its agents, representatives and, unless privileged, its attorneys.

B. The word usage and sentence structure is that of the attorneys who prepared these Objections and Responses and the language used herein does not purport to be Acceptance's exact language.

C. The Defendant's discovery requests have been interpreted and objected to or answered in accordance with the applicable rules of the United States Court of Federal Claims, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the discovery requests.

D. Acceptance reserves the right to supplement these Responses in accordance with the applicable rules of the United States Court of Federal Claims.

E. No incidental or implied admissions are intended by any objection or response to any discovery request. That Acceptance may respond to any request does not constitute an admission that Acceptance accepts or admits the existence of any fact(s) set forth or assumed by such discovery request(s).

F. Acceptance's production of a document or documents or provision of information in partial response to a discovery request shall not be deemed a waiver of the right to object to another part of a discovery request.

G. Acceptance's objections are based upon information now known to it and its attorneys, are made without prejudice to Acceptance's right to assert additional objections should it discover additional ground(s) for objection(s). That Acceptance has responded to a discovery request is not intended and shall not be construed as a waiver of any objection to any discovery request.

H. The general objections asserted below apply to each discovery request and, thus for convenience, are not repeated after each objection or response, but rather are set forth here and are incorporated into each objection and response by reference. The assertion of the same, similar, or additional objections or the provision of partial answers in an individual response to a discovery request does not waive or modify any of Acceptance's general objections.

## GENERAL OBJECTIONS

1. Acceptance objects to the Defendant's instructions to the extent they demand that documents be produced for inspection and copying at a certain date, time and place. Acceptance will produce documents for inspection and copying at a time and place mutually convenient to the parties.

2. Acceptance's responses to the Defendant's discovery requests have been prepared in accordance with the applicable rules of the United States Court of Federal Claims and pursuant to reasonable inquiry and a diligent search for the information and/or documents requested. To the extent that the Defendant's discovery requests purport to require or define an investigation that exceeds the aforementioned scope, Acceptance objects thereto on the ground(s) that such requirement(s) or definition(s): (a) exceed the permissible scope of discovery, and (b) improperly attempt to impose on Acceptance an unreasonable burden and expense.

3. Acceptance objects to any of the Defendant's discovery requests that seek to impose on it a duty or obligation beyond that which is required by the applicable rules of the United States Court of Federal Claims.

4. Acceptance objects to any discovery request that requests the production of documents or disclosure of information protected from disclosure by the attorney-client privilege, attorney work product doctrine, other applicable privilege(s), or that is otherwise protected by the rules of the United States Court of Federal Claims. Acceptance reserves the right to object to the introduction into evidence at any time before or at trial of any document or information contained in any document that is privileged under law and that may have been revealed or produced inadvertently. Acceptance does not by its responses waive any claim of privilege or attorney work product.

5. Acceptance objects to any discovery request that demands the production of "any," "all" or "related to" with respect to documents or information, as being vague, over broad

and unduly burdensome to the extent that they request information and items irrelevant to the litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Acceptance objects to the Defendant's discovery requests to the extent that they are vague and ambiguous, such that Acceptance is unable to discern the meaning of particular phrases or words used therein. Where questions or ambiguity exists, Acceptance will respond based on its reasonable understanding of the discovery request.

7. Acceptance objects to the definition of "document" and any specific request for the production of electronic documents including, but not limited to, electronic mail, to the extent that such definition or request is overly broad or could be read to impose an undue and unreasonable burden on Acceptance to produce electronically stored data.

8. Acceptance objects to any discovery request that seeks routine information of no materiality to the litigation, or requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. Acceptance objects to the discovery requests to the extent that they seek the production of documents or information that is not in Acceptance's possession, custody or control, or that may be in the Defendant's possession, custody or control or that may be available from public sources and is equally available to both parties.

10. Acceptance objects to any discovery request in which the Defendant has provided its interpretation of the meaning of an event or documents or that purports to summarize the contents of a document in variance with the actual terms contained therein, or in which the Defendant's allegations are conclusions of law or represent the Defendant's characterizations of its case, to which no further response is required.

**OBJECTIONS AND RESPONSES TO DEFENDANT'S**
**FIRST SET OF INTERROGATORIES**

1. State the names, job titles, and responsibilities of all persons who are knowledgeable about the assets owned by Acceptance during the period 1997 to the present, and state their current or last known employers, addresses, and telephone numbers.

**RESPONSE:** Objection. Acceptance objects to this Interrogatory on the ground that it is overly broad and unduly burdensome to the extent that it requests the identification of "all persons" who may have information regarding any of Acceptance's assets (which term is undefined) over the past eight (8) years. It would be impossible for Acceptance to identify each and every person who could conceivably have information responsive to this Interrogatory.

Subject to and without waiving this and the general objections stated above, Acceptance states that in addition to those individuals listed in its initial disclosures, the following individuals may have information responsive to this Interrogatory:

Bill Baxter
Acceptance Insurance Company
300 West Broadway, Ste. 1600
Council Bluffs, IA 51503

Ken Coon
McM Group
302 South 36th St., Ste. 500
Omaha, NE 68131

Michael Gottschalk
National Indemnity Company
4016 Farnam Street
Omaha, NE 68131

Dwayne Hallman
Horace Mann
1 Horace Mann Plaza (C-120)
Springfield, IL 62715

Georgia Mace
McM Group
302 South 36th St., Ste. 500
Omaha, NE 68131

John Martin
Acceptance Insurance Company
300 West Broadway, Ste. 1600
Council Bluffs, IA 51503

Michael McCarthy
First National Tower
1601 Dodge St., Ste. 3800
Omaha, NE 68102

Gary Thompson
Acceptance Insurance Company
300 West Broadway, Ste. 1600
Council Bluffs, IA 51503

2. State the names, job titles, and responsibilities of all persons who are knowledgeable about the assets owned by American Growers during the period 1997 through 2003, and state their current or last known employers, addresses, and telephone numbers.

**RESPONSE**: Objection. Acceptance objects to this Interrogatory on the ground that it is overly broad and unduly burdensome to the extent that it requests the identification of "all persons" who may have information regarding any of American Growers' assets (which term is undefined) over the past eight (8) years. It would be impossible for Acceptance to identify each and every person who could conceivably have information responsive to this Interrogatory. Subject to and without waiving this and the general objections stated above, Acceptance states that in addition to those individuals listed in its initial disclosures, the following individuals may have information responsive to this Interrogatory:

Bill Baxter
Acceptance Insurance Company
300 West Broadway, Ste. 1600
Council Bluffs, IA 51503

Ken Coon
McM Group
302 South 36th St., Ste. 500
Omaha, NE 68131

Dennis Daggett
John Deere
11369 Aurora Avenue
Urbandale, IA 50322

Michael Gottschalk
National Indemnity Company
4016 Farnam Street
Omaha, NE 68131

Dwayne Hallman
Horace Mann

1 Horace Mann Plaza (C-120)
Springfield, IL 62715

Georgia Mace
McM Group
302 South 36th St., Ste. 500
Omaha, NE 68131

John Martin
Acceptance Insurance Company
300 West Broadway, Ste. 1600
Council Bluffs, IA 51503

Michael McCarthy
First National Tower
1601 Dodge St., Ste. 3800
Omaha, NE 68102

Rich Schuemann
10821 Forest Avenue
Clive, IA 50325

Mary Sutton
22054 Meadowview Pkwy
Council Bluffs, IA 51503

3. Describe the nature of the business activities conducted by Acceptance and each of its subsidiaries from 1997 until the present in the crop insurance business, including the role that each played in the crop insurance business, and how the companies' operations were related.

**RESPONSE**: Objection. Acceptance objects to this Interrogatory on the ground that it is overly broad and burdensome. It requests that Acceptance describe all of its business activities and the activities of all of its subsidiaries for the past eight (8) years, whether or not such activities relate to the issues presented in this lawsuit. Without defining of limiting the term "activities" it appears that much of the information requested in this Interrogatory is unresponsive to the issues in this lawsuit and not designed to lead to the discovery of admissible evidence. Subject to and without waiving these or the general objections stated above,

Acceptance states that pursuant to Rule 33(d) of the Rules of the United States Court of Federal Claims documents will be produced to Defendant from which a response to this Interrogatory may be ascertained.

4. Explain what Acceptance believes are the reasons that RMA denied Acceptance's request in November 2002 to waive the requirements of Section 4.C(9) with respect to the proposed sale of American Growers' insurance policies to Rain and Hail.

**RESPONSE:** Objection. Acceptance objects to this Interrogatory on the ground that Rain and Hail, not Acceptance, apparently requested that RMA waive the requirements of Section 4.C(9). Acceptance further objects to this Interrogatory because it requires Acceptance to speculate as to the RMA's motives in denying Rain and Hail's request for a waiver. Acceptance further objects to this Interrogatory on the ground that the reason(s) why RMA rejected Rain and Hail's request for a waiver are known to employees of the United States to which Defendant's counsel has access and who can best provide a response to this Interrogatory. Subject to and without waiving these or the general objections stated above, Acceptance states that discovery in this matter is ongoing. Part of that discovery is designed to uncover facts that will help Acceptance understand why the RMA rejected the proposed transaction between Acceptance and Rain and Hail. Acceptance states further that it does not fully understand why RMA rejected the proposed transaction and specifically rejected Rain and Hail's request for a waiver of the requirements of Section 4.C(9). Acceptance does not believe that the integrity of the crop insurance program would have been impaired had the RMA granted Rain and Hail's request for a waiver or that approval of the proposed transaction would have been detrimental to the interests of farmers and taxpayers, as the RMA stated when it justified publicly its actions.

5. Explain why Acceptance asserts that RMA should have granted Acceptance's request in November 2002 to waive the requirements of Section 4.C(9) with respect to the proposed sale of American Growers' insurance policies to Rain and Hail.

**RESPONSE:** Objection. Acceptance objects to this Interrogatory on the ground that it requests information similar if not identical to the information requested in Interrogatory nos. 6 and 7. To the extent that Interrogatory no. 5 requests information different from that requested in Interrogatory nos. 6 and 7, Interrogatory no. 5 is vague and ambiguous as to what other and further information is requested. Subject to and without waiving these or the general objections stated above, Acceptance refers Defendant to is responses to Interrogatory nos. 6 and 7 for a response to this Interrogatory.

6. Explain what Acceptance expected in November 2002 would be the effect upon Acceptance and American Growers if the requested waiver were granted and the transaction took place upon the terms attached to the November 18, 2002 letter of intent.

**RESPONSE:** Objection. Acceptance objects to this Interrogatory on the ground that it requests that Acceptance speculate on the effect that the proposed transaction may have had on Rain and Hail. Acceptance is without sufficient information to respond to that portion of this Interrogatory. Subject to and without waiving this or the general objections stated above, Acceptance states that had the proposed transaction been approved, among other things, a portion of the sale proceeds resulting from the Rain and Hail transaction would have used for the efficient and effective settlement of the 2002 and prior crop year obligations as well as employee severance obligations. The remaining proceeds would have been retained by Acceptance.

7. Explain what Acceptance expected in November 2002 would be the effect upon the crop reinsurance program and the taxpayers' interest if the requested waiver were granted

and the transaction with Rain and Hail took place upon the terms attached to the November 18, 2002 letter of intent.

**RESPONSE**: Subject to and without waiving the general objections stated above, Acceptance expected that had the proposed transaction been approved, among other things, it would have reduced the costs to the US taxpayers. Acceptance also believes that the total cost of claim settlement and operational contraction would have been completed in a much more efficient manner than was done by the regulatory organizations. The impact of the proposed transaction on the crop insurance program would have been negligible. Producers' policies would have been transferred to Rain and Hail. Farmers not desiring the transfer could have transferred through their agent to another carrier. Acceptance states further that had RMA granted Rain and Hail's request for a waiver of the requirements of Section 4.C(9), there is no reason to believe that there would have been any impact on the integrity of the Crop Insurance program or that it would have been sued. The RMA has granted waivers of the requirements of Section 4.C(9) in other instances without impact on the integrity of the Crop Insurance program. There is no reason to believe the granting of a waiver in this case would have impacted adversely the Crop Insurance program.

8. Identify the property interest that Acceptance held in the insurance assets that it asserts were taken by the Government.

**RESPONSE**: Subject to and without waiving the general objections stated above, Acceptance states that it was the parent of American Growers. The assets that Rain and Hail proposed to purchase included the good will and relationships that Acceptance and its subsidiaries established between the producers and the agents who sold crop insurance policies. A number of the insurance assets that were owned by Growers were purchased by Acceptance with

Acceptance's money in the IGF transaction. In addition, although structured as a sale of assets, the proposed transaction between Acceptance and Rain and Hail was, in fact, a sale by Acceptance of its wholly-owned subsidiary, American Growers. As such, Acceptance would have benefited from the proposed sale of assets to Rain and Hail.

9. Explain the facts supporting Acceptance's assertion that it owned the insurance assets that were the subject of the transaction proposed in the November 18, 2002 letter of intent signed by Rain and Hail.

**RESPONSE**: Objection. Acceptance objects to this Interrogatory on the ground that it requests information similar if not identical to the information requested in Interrogatory no. 8. To the extent that Interrogatory no. 9 requests information different from that requested in Interrogatory no. 8, Interrogatory no. 9 is vague and ambiguous as to what other and further information is requested. Subject to and without waiving these or the general objections stated above, Acceptance refers Defendant to is response to Interrogatory no. 8 for a response to this Interrogatory.

10. Explain how the Government engaged in a taking compensable pursuant to the Fifth Amendment when RMA denied Acceptance's request in November 2002 to waive the requirements of Section 4.C(9) with respect to the proposed sale of American Growers' insurance policies to Rain and Hail.

**RESPONSE**: Objection. Acceptance objects to this Interrogatory on the ground that it asks Acceptance to state a legal conclusion, namely, how the government effectuated a compensable taking.

11. Explain how the parties arrived at the $21.5 million valuation of the insurance assets in Rain and Hail's November 18, 2002 letter of intent.

**RESPONSE**: Subject to and without waiving the general objections stated above, Acceptance states that pursuant to Rule 33(d), documents from which a response to this Interrogatory may be ascertained will be identified and produced to Defendant. In addition, Acceptance states that the initial $21.5 million payment was determined by negotiations between the parties.

12. Explain whether Acceptance has ever been liable for any liabilities incurred by American Growers.

**RESPONSE**: Objection. Acceptance objects to this Interrogatory to the extent that it asks Acceptance to state a legal conclusion. Subject to and without waiving this or the general objections stated above, Acceptance states that it incurred certain liabilities for the benefit of American Growers associated with the IGF transaction and the related Granite reinsurance program. Acceptance has also incurred operational liabilities for American Growers and its managing general agent, AMAG, including Sunguard disaster recovery services and leases for various crop insurance operations offices and automobiles.

13. Explain whether American Growers would have received any of the funds that Acceptance anticipated receiving from Rain and Hail pursuant to the November 18, 2002 letter of intent.

**RESPONSE**: Subject to and without waiving any of the general objections stated above, Acceptance states that the proceeds from the proposed transaction would have been held by Acceptance to assure that American Growers met all of its their crop insurance obligations.

14. Explain the facts supporting American Growers' assertion that the terms proposed in the November 18, 2002 letter of intent were fair value for the specific assets that Rain and Hail proposed to purchase.

**RESPONSE:** Subject to and without waiving any of the general objections stated above, Acceptance states that the terms proposed in the November 18, 202 letter of intent were fair value for the assets that Rain and Hail proposed to purchase because they represent the value that a willing buyer was willing to pay a willing seller for those assets in an arm's length transaction.

15. Explain the reasons that American Growers financial condition worsened between January 1999 and October 2002, and address whether Acceptance agrees with the explanations offered in the GAO report.

**RESPONSE:** Objection. Acceptance objects to this Interrogatory on the ground that the phrase "explanations offered in the GAO report: is vague and ambiguous and does not state or define with sufficient specificity the "explanations" offered in the GAO report with which Acceptance is asked to agree (or disagree). Subject to and without waiving this or the general objections stated above, Acceptance states that pursuant to Rule 33(d) documents from which a response to this Interrogatory may be ascertained will be identified and produced to Defendant.

16. Explain thc reasons that Acceptance favored entering into the transaction with Rain and Hail that was proposed in the November 18, 2002 letter of intent.

**RESPONSE:** Objection. Acceptance objects to this Interrogatory as redundant and requesting the similar if not identical information as requested in Interrogatory nos. 5, 6 and 7. To the extent that Interrogatory No. 16 requests information different from that requested in Interrogatory nos. 5, 6 and 7, Interrogatory no. 16 is vague and ambiguous as to what other and further information is requested. Subject to and without waiving this or the general objections stated above, Acceptance refers Defendant to its responses to Interrogatory nos. 5, 6 and 7 for its response to this Interrogatory.

Dated: August 5, 2005

/s/ Lewis S. Wiener
Lewis S. Wiener, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 - phone
202.637.3593 - fax
Counsel for Plaintiff Acceptance Insurance Companies Inc.

OF COUNSEL:
Ronald Massumi
Carter Williams
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0100

Patrick Griffin
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
402.346.6000

**VERIFICATION**

I, John Martin, hereby make the following certification pursuant to 28 U.S.C. § 1746. I am the president of Acceptance Insurance Companies Inc. I am duly authorized to execute these Responses to Interrogatories on Plaintiff's behalf and affirm under penalty of perjury that the information set forth in these responses is based on my personal knowledge, or the knowledge of others who have provided me with information responsive to these interrogatories, and on documents that I understand have been produced to Defendant.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing Responses are true and correct.

Executed on August 5, 2005.

Acceptance Insurance Companies Inc.

By: [signature]
John Martin

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 5th day of August 2005, a true and correct copy of the foregoing Plaintiff's Responses to Defendant's First Set of Interrogatories were sent via e-mail and first class mail, postage prepaid, to the following Defendant's counsel of record:

John H. Williamson
United States Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530
John.Williamson@usdoj.gov

/s/ Lewis S. Wiener
Lewis S. Wiener