# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACCEPTANCE INSURANCE COMPANIES INC., Plaintiff, | ) | |
| v. | ) | **CASE NO. 03-2794** Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

## PLAINTIFF'S MOTION TO AMEND JULY 31, 2006 ORDER TO CERTIFY JURISDICTIONAL ISSUE FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(d)(2)

Plaintiff, Acceptance Insurance Companies Inc. ("Acceptance"), by and through undersigned counsel and pursuant to Rule 59(e) of the Rules of this Court, requests that this Court amend its July 31, 2006 Order to certify the question of whether the Federal Crop Insurance Act, 7 U.S.C. § 1501 *et seq*., divests this Court of Tucker Act jurisdiction, 28 U.S.C. § 1491, in takings cases against the United States stemming from regulatory action of the Risk Management Agency ("RMA"), a subagency of the Department of Agriculture.[1]

## I. INTRODUCTION

Since the inception of this case in 2003, the issue of this Court's jurisdiction has been in dispute. On February 9, 2004, the Government filed its first motion to dismiss alleging that the Federal Crop Insurance Act divests this Court of Tucker Act jurisdiction over takings claims

[1] The undersigned appreciates the Court's and Government counsel's courtesy in agreeing to and granting Plaintiff's request for an enlargement of time to respond to the Court's July 31, 2006 Order to accommodate counsel's family vacation. The exigencies of this matter and the time limitation of Rule 59(e), which pursuant to Rule 6 may not be extended, required that this Motion be filed by no later than August 14, 2006. Section III of this Motion includes a response to the Court's July 31, 2006 Order requesting that Plaintiff advise the Court to which federal district court the case should be transferred (should the Court deny Plaintiff's request that the jurisdictional issue be certified for appeal).

involving the Federal Crop Insurance Corporation ("FCIC") and/or its related agency, the Risk Management Agency ("RMA"). Specifically, the Government argued that exclusive jurisdiction over all cases involving the FCIC, whether based in breach of contract or otherwise, rests in federal district court. Two years ago, on August 13, 2004, the presiding judge at the time, Judge Robert Hodges, rejected the Government's argument and denied the Government's motion to dismiss, holding specifically that the Federal Crop Insurance Act "does not appear to be inconsistent with this Court's Tucker Act jurisdiction to hear takings claims against the United States." August 13, 2004 Order at 2-3.

On December 7, 2005, and after discovery was nearly completed, the case was transferred to Judge Thomas Wheeler. On February 2, 2006, following the completion of extensive and expensive discovery and simultaneous with the filing of its Cross-Motion for Summary Judgment, the Government renewed its motion to dismiss, contending, among other things, that the intervening opinion of the Federal Circuit in *Texas Peanut Farmers v. United States*, 409 F.3d 1370 (Fed. Cir. 2005), resolved the jurisdictional issue in favor of the Government. The Government argued that exclusive jurisdiction over all claims involving the FCIC, a federally-owned corporation that provides reinsurance to private crop insurers, or of the RMA, the subagency that regulates and administers the FCIC and the federal crop insurance program, rests with the federal district courts, thereby divesting this Court of jurisdiction over Plaintiff's Fifth Amendment takings claim. In response to the Government's renewed motion to dismiss, Acceptance argued that *Texas Peanut Farmers* had no such broad reach and that the grant of exclusive jurisdiction to the district courts related to actions against the FCIC concerning the acts of the Government in its proprietary, contractual capacity as reinsurance provider and

not to actions against the United States asserting takings resulting from the RMA's actions in its regulatory capacity.

By Order dated July 31, 2006, this Court announced its opinion, effectively reversing Judge Hodge's holding on the jurisdictional issue, finding that the jurisdiction of the Court of Federal Claims over takings claims involving the FCIC is divested by the Federal Crop Insurance Act, and ordered Plaintiff to advise the Court to which federal district court the case should be transferred. July 31, 2006 Order at 7.

As a consequence of Judge Hodges' August 2004 ruling and now Judge Wheeler's July 2006 ruling, two judges of the same court reviewing the same statute against the backdrop of virtually identical case law and argument reached irreconcilably different conclusions as to whether this Court has jurisdiction over Plaintiff's Fifth Amendment takings claims.[2] As discussed in greater detail below, this unique situation provides an ample and sufficient basis and justification for the Court to certify the jurisdictional issue for review by the Federal Circuit Court of Appeals.

---

[2] The July 31st transfer order will trigger the anomalous result that if and when this case is transferred to federal district court, a court outside of the Federal Circuit's jurisdiction will be called upon to make a definitive ruling on the application of *Texas Peanut Farmers* to this case, denying the Federal Circuit the opportunity to provide definitive clarification of its own decision. As the matter now stands, *Texas Peanut Farmers* is the crux of the jurisdictional issue in this case. Making way for an interlocutory appeal to the Federal Circuit so that it – rather than some other court – may rule on the scope of its own decision is the most efficient and effective use of the interlocutory appeal procedure. For this reason, and others discussed below, this Court should exercise its discretion to certify the issue of subject matter jurisdiction to the Federal Circuit for further elaboration and clarification on the *Texas Peanut Farmers* opinion by the circuit that wrote it. There is no point in forcing other courts to revisit *Texas Peanut Farmers* as this case moves forward elsewhere, when there is a procedural mechanism ideally suited to assure that the Federal Circuit has the last word on its own precedent.

In order to direct this matter to the Federal Circuit for interlocutory appellate consideration, this Court should, pursuant to Fed. R. App. P. 5(a)(3),[3] amend its July 31, 2006 Opinion and Order to include the certification statement prescribed by 28 U.S.C. § 1292(d)(2).

## II. DISCUSSION

### A. Standard for Certifying an Issue for Interlocutory Appeal

Plaintiff moves the Court to certify the jurisdictional issue for interlocutory appeal to the Federal Circuit pursuant to 28 U.S.C. § 1292(d)(2), which provides:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

28 U.S.C. § 1292(d)(2).

The Court of Federal Claims has explained that "[i]nterlocutory appeals under this section 'are reserved for "exceptional" or "rare" cases and should be authorized only with great care' so as to avoid unnecessary piecemeal litigation." *Jaynes v. United States*, 69 Fed. Cl. 450, 460 (Ct. Cl. 2006) (citing *Klamath Irrigation Dist. v. United States*, 69 Fed. Cl. 160, 161 (Ct. Cl. 2005); *Testwuide v. United States*, 56 Fed. Cl. 755, 766 (2003)). However, this case and the opposing opinions issued by Judges Hodges and Wheeler on the same question of whether the FCIA divests this Court's Tucker Act jurisdiction in cases against the United States, where the

[3] "If a party cannot petition for appeal unless the district court first enters an order granting permission to do so, or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement."

RMA, as an agency of the United States acts in its regulatory capacity presents such an exceptional or rare case justifying certification.

In effect, 28 U.S.C. § 1292(d)(2) establishes that three elements must be present for certification: (1) a controlling question of law must be involved; (2) "there must be a "substantial ground for difference of opinion" regarding that controlling question of law;" and (3) "immediate appeal * * * may materially advance the termination of the litigation." *Klamath*, 69 Fed. Cl. at 162 (citing *Aleut Tribe v. United States*, 702 F.2d 1015, 1019 (Fed. Cir. 1983); *Jade Trading, LLC v. United States*, 65 Fed. Cl. 443, 446 (2005)).

**1. The Jurisdictional Issue Presents a Controlling Question of Law**

The first requirement is that the decision must involve "a controlling question of law." 28 U.S.C. § 1292(d)(2); *Klamath*, 69 Fed. Cl. at 162. A controlling question of law is one that "materially affects issues remaining to be decided in the trial court." *Klamath*, 69 Fed. Cl. at 162 (quoting *Marriott Int'l Resorts, L.P. v. United States*, 63 Fed. Cl. 144, 145 (2004)).
Plaintiff asks the Court to certify the question of whether this Court has subject matter jurisdiction to hear Plaintiff's takings claim under the Tucker Act. Jurisdictional issues generally present a controlling question of law. In this case, there can be little question that resolution of the jurisdictional issue presents a controlling issue of law. *See Insurance Co. of the West v. United States*, 1999 U.S. Claims LEXIS 313, *10 (Ct. Cl. Dec. 10, 1999) (finding interlocutory appeal appropriate for controlling question of law as to whether recent Supreme Court precedent had deprived Court of Federal Claims of jurisdiction over equitable subrogation claims of a surety against the United States); *Triax Co. v. United States*, 20 Cl. Ct. 507, 515 (Ct. Cl. 1990) (certifying question of subject matter jurisdiction of contracting officer's denial of claim for interlocutory appeal); *see* 19 James Wm. Moore, et al., *Moore's Federal Practice* § 203.31[2] at

203-87- 203-88 (3d Ed. 2006) ("if resolution of the question being challenged on appeal will terminate the action in the [trial] court, it is clearly controlling. Controlling questions of law that fall within this category of dispositive issues include * * * questions as to subject matter jurisdiction.").

**2. The Second Prong of the Test is Satisfied: The Fact That Judge Hodges and Judge Wheeler Reviewed The Same Statute, Heard Virtually Identical Arguments and Came to Opposite Conclusions Demonstrates That There is a Substantial Ground for Difference of Opinion**

With respect to the second requirement that courts are to consider when determining if certification for interlocutory is appropriate, it is clear based on the record and the two opposing opinions of the Court that there exists "a substantial ground for difference of opinion" regarding the controlling question of law. In *Klamath*, the court identified the bases that typically support a finding of a substantial ground for difference of opinion in this Court: the existence of "two different, but plausible, interpretations of a line of cases;" a circuit split; "an intracircuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case;" or "a substantial difference of opinion among the judges of this Court." *Klamath*, 69 Fed. Cl. at 163 (collecting cases exemplifying each of the grounds); *see also Coast Fed. Bank v. United States*, 49 Fed. Cl. 11, 14 (2001) ("Usually, an issue on which there is 'substantial ground for difference of opinion' is one on which courts have disagreed.").

The facts of this case present an even more obvious ground for difference of opinion, as here two different judges of this Court, reviewing the same statute and faced with identical arguments in the same case, have come to opposite conclusions.[4] First, Judge Hodges

[4] *See* Plaintiff's Appendix in Support of its Consolidated Motion for Summary Judgment and Response in Opposition to Defendant's Renewed Motion to Dismiss or for Summary Judgment at 485-488 (comparing argument from the Government's original motion with that of its renewed motion to dismiss).

determined that the purpose of the Federal Crop Insurance Act "does not appear to be inconsistent with this Court's Tucker Act jurisdiction to hear takings claims against the United States," and denied the Government's motion to dismiss for lack of subject matter jurisdiction. August 13, 2004 Order at 2-3. More recently, Judge Wheeler found that "Congress mandated in 7 U.S.C. § 1506(d) its clear intention to withdraw this Court's Tucker Act jurisdiction over all claims brought against the Federal Crop Insurance Corporation." July 31, 2006 Order at 10. Because two judges of this Court have disagreed over the effect of the FCIA on this Court's Tucker Act jurisdiction over plaintiff's takings claim in the same case, there is overwhelming support for the conclusion that there is substantial ground for difference of opinion on the question of whether the FCIA dispossesses this Court's Tucker Act jurisdiction.

**3. Finality on the Jurisdictional Issue Will Advance the Ultimate Termination of the Litigation and Provide Certainty Beneficial to all Parties**

Finally, interlocutory appeal in this case will materially advance the ultimate termination and finality of the litigation. Subject matter jurisdiction is an issue that can be raised at any time, by either party, or by a court *sua sponte*. 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.30[1] at 12-33 (3d Ed. 2006). Thus, were the case transferred to federal district court, the parties may expend the time and money of preparing for and conducting a trial only to have the district court (or the circuit court, should the case be appealed) determine – perhaps even *sua sponte* – that jurisdiction properly rests with the Court of Federal Claims. In such a case, the parties could be forced to retry the case. Stated otherwise, so long as the jurisdictional question remains lurking in the background, there is potential for a party, or the trial or appellate court *sua sponte*, to interrupt the proceedings at any stage by questioning the jurisdiction of the transferring court. As a result, considerations of practicality, fairness and efficiency weigh strongly in favor of certifying this issue to ensure that the future progress of the case follows an

orderly course free of the threat of such interruption. *See, e.g.*, *Marriott International Resorts*, 63 Fed. Cl. at 146 (noting that the parties had spent two years on a procedural issue and that "definitive resolution of the procedural issue would manifestly benefit these consolidated cases"); *Testwuide v. United States*, 56 Fed. Cl. 755, 767 (2003) (basing finding that interlocutory review would materially advance the resolution of the case on "considerations of 'judicial economy' and the need to avoid 'unnecessary delay and expense' and 'piecemeal litigation'"). Moreover, it would be far better to have the Federal Circuit construe its own *Texas Peanut Farmers* precedent, thus avoiding second-guessing by other courts and the potential for inconsistent holdings, and resolve the jurisdictional issue with finality at this juncture.[5]

## III. SHOULD THE COURT DECLINE TO CERTIFY THE JURISDICTIONAL ISSUE FOR IMMEDIATE APPEAL, PLAINTIFF RECOMMENDS THAT, WITH ALL RESERVATION OF RIGHTS, THIS CASE BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA SITTING IN OMAHA

The Federal Crop Insurance Act provides, in relevant part, that jurisdiction is proper "in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business." 7 U.S.C. § 1506(d). Transfer is, therefore, proper to, among other places, federal district court in the District of Nebraska, where Acceptance was engaged in business at the time of the Government's actions that triggered the taking and where Acceptance's business is currently being reorganized in bankruptcy.

---

[5] Fairness considerations should play a prominent role in this case and in the Court's assessment of the request for certification given the protracted and expensive path the parties have been down since Judge Hodges first rejected the Government's jurisdictional challenge two years ago. Judge Hodges' denial of the Government's motion to dismiss opened the floodgates of costly pretrial discovery, culminating almost 18 months later with the filing of Cross-Motions for Summary Judgment. Those briefs now lie gathering dust and may have to be rebriefed to reflect the law and controlling precedent of the court to which this case may be transferred. Certifying the jurisdictional issue and giving Acceptance the finality and certainty of knowing that wherever trial is held, it is the proper place for that trial and there is no question regarding the Court's jurisdiction is fair, just and equitable.

Caselaw is not instructive on how the term "engaged in business" is to be interpreted. Using a common sense understanding of "engaged in business," Acceptance is "engaged in business" in Nebraska because its principal subsidiaries are Nebraska domiciled insurers and Acceptance, as an insurance holding company, is subject to Nebraska insurance regulatory authority and has filing and other obligations with the Nebraska Department of Insurance. Acceptance also has substantial contacts with the State of Nebraska and regularly transacts business with services providers in the state. Moreover, Acceptance has historically held its shareholder meetings in Nebraska. In addition, regulatory and other judicial proceedings affecting Acceptance are pending in Nebraska. Further, most of the principal witnesses in this case live and/or have offices in or convenient to Omaha, Nebraska. Finally, had Acceptance believed that it was obligated to file its lawsuit in federal district court rather than the Court of Federal Claims, it likely would have done so in the District of Nebraska.

For these reasons, Acceptance recommends that should this Court decline to certify the jurisdictional issue for immediate appeal to the Federal Circuit, this case be transferred to the United States District Court for the District of Nebraska, sitting in Omaha. Acceptance reserves all rights and objections to the proposed transfer.

## IV. CONCLUSION

Based on the foregoing, Plaintiff Acceptance Insurance Companies Inc. respectfully requests that the Court certify the question of whether the Federal Crop Insurance Act divests this Court of jurisdiction over Plaintiff's takings claim thus allowing Plaintiff to immediately appeal the Court's July 31, 2006 transfer order to the Federal Circuit Court of Appeals.

The undersigned certifies that he has conferred with the Government's counsel regarding the filing of this motion and has been advised that the Government opposes this motion and will file a written response in opposition.

Dated: August 14, 2006

Respectfully submitted,

/s/ Lewis S. Wiener
Lewis S. Wiener, Esq.
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 - phone
202.637.3593 - fax
Counsel for Plaintiff Acceptance Insurance Companies Inc.

OF COUNSEL:
Ronald Massumi
Carter Williams
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0100

Patrick Griffin
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
402.346.6000