IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ACCEPTANCE INSURANCE COMPANIES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2794 Judge Wheeler |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JULY 21, 2006 ORDER TO CERTIFY JURISDICTIONAL ISSUE FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(d)(2)

Defendant, the United States, respectfully submits the following opposition to Plaintiff Acceptance Insurance Companies, Inc.'s ("Acceptance") motion to amend the court's July 31, 2006 opinion and order, Acceptance Ins. Companies, Inc. v. United States, ___ Fed. Cl. ___, Slip Op. (July 31, 2006), to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(2). As we discuss below, Acceptance's motion should be denied because the July 31, 2006 order does not present a "controlling question of law" for which there exists "a substantial ground for difference of opinion." 28 U.S.C. § 1292(d)(2).

DEFENDANT'S BRIEF

Pursuant to 28 U.S.C. § 1295(a)(3), the United States Court of Appeals for the Federal Circuit has jurisdiction to consider "final decision[s] of the United States Court of Federal Claims." 28 U.S.C. § 1295(a)(3). A decision is considered "final" when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

An exception to this rule is set forth in 28 U.S.C. § 1292(d)(2), which allows the Court of Federal Claims to certify a question for interlocutory appeal. 28 U.S.C. § 1292(d)(2). Once this Court certifies the question for appeal, "the Federal Circuit may, in its discretion, permit an appeal to be taken from such order." Id. Such interlocutory appeals are reserved only for "exceptional cases." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996).

As Acceptance's motion recognizes, generally, certification of an otherwise interlocutory decision is appropriate when the Court finds "that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). Pl. Br. 4-5; see Aleut Tribe v. United States, 702 F.2d 1015, 1019 (Fed. Cir. 1983).[1]

This Court has recognized three criteria for certification of an interlocutory appeal:

> To qualify as appropriate for certification, the order must involve:
>
> (1) a controlling question of law; as to which there is
>
> (2) substantial ground for difference of opinion; and that
>
> (3) possible material advancement of the ultimate termination of the litigation will occur if the certification order is issued.

Favell v. United States, 22 Cl. Ct. 132, 143 (1990).

However, "[t]he three-prong test set forth in 28 U.S.C. § 1292(d)(2) is designed to weigh the relative benefits of an immediate appeal; thus the 'three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of

---

[1] "Pl. Br. ___" refers to Acceptance's motion to amend this Court's July 31, 2006 opinion and order.

immediate appeal.'" American Tel. & Tel. Co. v. United States, 33 Fed. Cl. 540, 541 (1995). As we discuss below, Acceptance cannot establish the necessity of an immediate appeal here.

I. "A Controlling Question Of Law"

Acceptance argues, without supporting citation, that "[j]urisdictional issues generally present a controlling question of law." Pl. Br. 5. Acceptance then argues that "there can be little question that resolution of the jurisdictional issue presents a controlling issue of law." Id. In support, Acceptance cites an unpublished decision of this Court, Insurance Co. of the West v. United States, 1999 U.S. Claims LEXIS 313, 10 (Cl. Ct. Dec. 10, 1999), and Triax Co. v. United States, 20 Cl. Ct. 507, 515 (1990), which certified a question regarding subject matter jurisdiction regarding a contracting officer's denial of a claim. Acceptance's citation to these two decisions (one published, one unpublished) is insufficient to establish Acceptance's general proposition that a decision which resolves a jurisdictional issue automatically presents a controlling question of law.

Indeed, as noted by Acceptance, "[a] controlling question of law is one that 'materially affects issues remaining to be decided in the trial court.'" Pl. Br. 5 (quoting Klamath Irrigation Dist. v. United States, 69 Fed. Cl. 160, 162 (2006)). This Court's decision does not materially affect issues remaining to be decided in this Court. Rather, this Court has determined that it lacks jurisdiction to consider Acceptance's claims, and that transfer to a United States district court is appropriate. Acceptance, Slip Op. at 10. Acceptance's action may continue in the appropriate United States district court, which, pursuant to 7 U.S.C. § 1506(d), is the proper forum for Acceptance's claim. 7 U.S.C. § 1506(d). See Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990) (a question of law is "'controlling' if reversal of the district court's

order would terminate the action" ). Here, Acceptance's action will continue, not in this Court, but in the proper United States district court.

II. "Substantial Ground For Difference Of Opinion"

A "substantial ground for difference of opinion" exists if there is "an absence of controlling judicial authority on an issue." McDonnell Douglas Corp. v. United States, 27 Fed. Cl. 204, 205 (1992). Here, there is no absence of controlling judicial authority. Indeed, this Court's decision is based upon the Federal Circuit's decision in Texas Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005). Acceptance, Slip Op. at 6-7.

In that decision, the Federal Circuit issued precedent binding upon this Court, holding (1) "Congress may withdraw any grant of Tucker Act jurisdiction," and (2) that the "plain meaning" of 7 U.S.C. §§ 1506(d) and 1508(j) is that "Congress granted district courts exclusive jurisdiction over claims against the FCIC." Texas Peanut Farmers, 409 F.3d at 1373-74 (emphasis added). This Court properly concluded that, based upon Texas Peanut Farmers, Congress has withdrawn Tucker Act jurisdiction from this Court to consider claims against FCIC. Acceptance, Slip Op. at 6-7.

The sole basis for Acceptance's argument here that there exists "substantial grounds for difference of opinion" is its assertion that "two different judges of this Court, reviewing the same statute and faced with identical arguments in the same case, have come to opposite conclusions." Pl. Br. 6. Acceptance's argument overstates the case and ignores, as it did in previous filings, the import of the Federal Circuit's decision in Texas Peanut Farmers. Notwithstanding Acceptance's suggestion to the contrary, the arguments presented to Judge Hodges and Judge Wheeler were not "identical." Indeed, at the time Judge Hodges issued his August 13, 2004 order, he addressed the

Court of Federal Claims' earlier decision in that case, Texas Peanut Farmers v. United States, 59 Fed. Cl. 70 (2003), and did not have the benefit of the Federal Circuit's decision upon appeal. Our motion for reconsideration of the August 13, 2004 order addressed the import of the Federal Circuit's decision in Texas Peanut Farmers.

As this Court properly held in its July 31, 2006 decision, the Federal Circuit's decision makes clear that jurisdiction to consider suits against FCIC properly belongs in the United States district court:

> The Court's reading of FCIA is supported by the Federal Circuit's 2005 decision in Tex. Peanut Farmers, 409 F.3d at 1373-74 (rejecting the argument that "the Tucker Act endows the Court of Federal Claims with jurisdiction concurrent with the federal district court."). In that case, peanut farmers whose crops were reinsured by the FCIC brought suit for breach of their crop policy contracts. The Federal Circuit held that "[t]he plain meaning of [7 U.S.C. § 1506(d)] is that Congress granted district courts exclusive jurisdiction over claims against the FCIC. Thus, the Court of Federal Claims did not err in concluding that it lacked jurisdiction." Id. at 1374.

Acceptance, Slip Op. at 6-7.

The Federal Circuit's decision in Texas Peanut Farmers resolves the jurisdictional issue raised in this case. While Acceptance argues otherwise, suggesting that its claim concerns an alleged taking by the United States, not a breach of contract presented in Texas Peanut Farmers, as noted by this Court, "[t]here is nothing unique to a breach of contract theory in the logic of the argument rejected by the Federal Circuit." Acceptance, Slip Op. at 7. Because there is no controlling issue of law about which there is substantial grounds for difference of opinion, Acceptance's request for certification of the jurisdictional issue presented in this case should be rejected.

III. "Possible Material Advancement Of The Ultimate Termination Of The Litigation"

In support of its motion, Acceptance suggests that certification is appropriate because "as long as the jurisdictional question remains lurking in the background, there is potential for a party, or the trial or appellate court sua sponte, to interrupt the proceedings at any stage by questioning the jurisdiction of the transferring court." Pl. Br. 7. The simple fact that the issue of jurisdiction could be raised "at any stage" in the litigation is insufficient to establish the appropriateness of certification in this case. Indeed, as noted by Acceptance, "[s]ubject matter jurisdiction is an issue that can be raised at any time." Id. Thus, Acceptance's argument would be true in every case. Were this the standard for whether interlocutory appeal is appropriate, then any decision involving a jurisdictional issue would present sufficient grounds for certification because such issues could "be raised at any time" and, therefore, presumably could materially advance "the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2).

In resolving this question, the Court instead should consider "the extent to which additional time and expense may be saved by an interlocutory appeal." Kennard v. United Parcel Serv., 531 F. Supp. 1139, 1149 (E.D. Mich. 1982), quoted in Triax, 20 Cl. Ct. at 514. Here, appeal to the Federal Circuit will only delay resolution of this case by the appropriate district court while the Federal Circuit considers, once again, whether Congress really meant what it said when it stated that "[t]he district courts of the United States . . . shall have exclusive original jurisdiction . . . of all suits brought by or against [FCIC]." 28 U.S.C. § 1506(d). Acceptance has failed to present any proper basis for requesting that the Federal Circuit consider this issue yet again. Accordingly, its motion should be denied.

CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiff's motion to amend the Court's July 31, 2006 opinion and order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

DONALD A. BRITTENHAM, JR.
Attorney
Department of Agriculture

August 28, 2006

CERTIFICATE OF FILING

I hereby certify that on August 28, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JULY 21, 2006 ORDER TO CERTIFY JURISDICTIONAL ISSUE FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(d)(2)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson