UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ACCEPTANCE INSURANCE COMPANIES INC., Plaintiff, v. UNITED STATES OF AMERICA Defendant. | No. 03-2794C<br>Judge Thomas C. Wheeler |

**PLAINTIFF'S OBJECTION TO SUPPLEMENTAL BRIEFING**

Plaintiff Acceptance Insurance Companies Inc. ("Acceptance") by and through its undersigned counsel files this objection to the Court's April 21, 2008 Order granting the Government leave to submit a supplemental Motion to Dismiss without any showing of good cause by the government or explanation why the issues it now proposes to raise for the first time were not and could not have been raised during summary judgment briefing and without affording Acceptance the opportunity to be heard on its objection.[1] In support hereof Acceptance states as follows:

This case has been pending since 2003 and the Court has yet to rule on the merits of the underlying dispute. Rather, in February 2004, the United States filed a Motion to Dismiss alleging, among other things, (1) Congress has withdrawn the Court of Federal Claims Tucker Act jurisdiction over Acceptance's takings claim; (2) Acceptance did not exhaust its administrative remedies prior to filing suit; (3) the Complaint fails to state a claim upon which

[1] Acceptance noted its objection to the government's proposed supplemental briefing in the parties' April 21, 2008 Joint Status Report. Given the nature of the Joint Status Report, Acceptance did not elaborate on its objection believing the Court would afford it the opportunity to be heard prior to ruling on the government's request.

relief may be granted because plaintiff has not asserted a protected property interest; and (4) government action in this case does not amount to a taking. By order dated August 13, 2004, then presiding Judge Hodges denied the government's Motion to Dismiss.

Undeterred, following extensive and costly discovery and as part of its briefing on summary judgment, which took almost six months to complete, the Government renewed its Motion to Dismiss. As this Court is aware, on July 31, 2006 the Government's renewed Motion was granted, the case was transferred to federal district court and, following appeal to the Federal Circuit, returned to this Court. Now, almost two years after the submission of cross motions for summary judgment, which invite the Court to address at long last the merits of the underlying dispute, the Government asks for yet another bite at the dismissal apple so it may raise for the first time issues regarding (1) the applicability of a 1923 Supreme Court case; and (2) the scope of the Government's authority to approve or disapprove the sale of assets from one insurer to another.

Acceptance objects to the Government's proposed supplemental briefing. First, the Government has not and cannot explain why it failed to raise these issues in either of its previous motions to dismiss or in its pending Motion for Summary Judgment. It is beyond cavil that the Government was aware of the 1923 Supreme Court case when it submitted its earlier briefs. It is also unclear why the Government has waited almost six years to raise questions regarding the scope of its executive branch authority.

Second, additional briefing will prejudice Acceptance and delay the Court's ruling on the merits of the underlying dispute. Acceptance has spent hundreds of thousands of dollars

litigating this case since it was first filed in 2003. The lion's share of that money has been spent briefing various procedural issues raised one after the other by the government. With every change of government counsel—the current counsel is the government's third assigned to this case—new theories emerge. The Government's proposed supplemental briefing will force Acceptance to incur yet additional fees and expenses addressing issues that could and should have been raised in any of the earlier rounds of briefing.

At a minimum, the Court should require the Government to explain why the issues it now proposes to brief, which it contends will result in a dismissal of this action, were not and could not have been addressed earlier in this litigation. Absent compelling justification for raising these issues now, briefing should be closed and the Court should rule on the pending Cross Motions for Summary Judgment. Allowing supplemental briefing will perpetuate what has become a seemingly endless cycle of briefing, denying Acceptance the opportunity to be heard on the merits of the underlying dispute.

For these reasons, Acceptance objects to the Government's proposed supplemental briefing and urges the Court to reject the Government's request that it be allowed to submit supplemental briefing.

Dated: April 22, 2008.

Respectfully submitted,

/s/Lewis S. Wiener
Lewis S. Wiener
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0100
Counsel for Plaintiff Acceptance Insurance Companies Inc.

OF COUNSEL:
Patrick Griffin
Kutak Rock, LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
402.346.6000

Rick Massumi
Brendan Ballard
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0100